IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS

| | |
|---|---|
| J.C. AND K.C., § | |
| AS PARENTS/GUARDIANS/NEXT § | |
| FRIENDS OF D.C., AN INDIVIDUAL § | |
| WITH A DISABILITY § | |
| *Plaintiffs*, § | |
| § | CIVIL ACTION 4:19-cv-21 |
| V. § | |
| § | |
| KLEIN INDEPENDENT § | |
| SCHOOL DISTRICT § | |
| *Defendant*. § | |

**PLAINTIFFS' COMPLAINT FOR PREVAILING PARTY
ATTORNEYS' FEES, AND EXPENSES, PURSUANT TO THE IDEA
AND EXPERT COSTS PURSUANT TO THE ADA/504**

Come now, J.C. and K.C., as parents /guardians/next friends of D.C., a minor student with a disability, collectively termed Plaintiffs herein, and bring this *Plaintiffs' Complaint for Prevailing Party Attorneys' Fees, Expenses, Interests and Costs Pursuant to IDEA and Expert Costs Pursuant to the ADA/504* to require the Klein Independent School District (hereinafter, "Defendant District") to pay attorneys' fees and reimburse certain costs for their successful representation of Plaintiffs in an administrative hearing pursuant to the Individuals with Disabilities Education Act (hereinafter, "IDEA"), 20 U.S.C. §1400, et. seq. (2004), The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., and the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §701 et seq., and in support thereof, respectfully show the following:

**I.    STATEMENT OF THE CASE**

1.    D.C. is a 6th grade 11-year-old student at Hofius Middle School in Klein ISD.

2.    Plaintiffs bring this lawsuit after prevailing in a four-day administrative proceeding

against the Defendant District to ensure D.C..'s right to certain special education services and compensatory education. They are entitled to an award of attorneys' fees and costs in connection with those administrative proceedings, as well as fees and costs incurred in filing and pursuing this action, plus any additional damages to which they may be entitled, including recovery of expenses.

## II. JURISDICTION

3. This cause arises under the IDEA, 20 U.S.C. §1400 et. seq. (2004), 34 C.F.R. Ch. 300 and Texas special education law at 19 Tex. Admin. Code Chapter 89. This Court has subject-matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1400 et. seq. and specifically pursuant to 20 U.S.C. §1415(i)(2) and (i)(3)(A), The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., and the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §701 et seq.

4. The claim herein for attorney's fees and expenses is authorized by 28 U.S.C. §2201 and §2202 by 20 U.S.C. §1415(i)(3).

5. Venue in this Court is proper under 28 U.S.C. §1391(b).

## III. PARTIES

6. Plaintiffs.

   a. D.C. is a student eligible for special education and related services under the eligibility category of Specific Learning Disability. J.C. and K.C. are his parents, guardians, and next friends. At all relevant times, the family resided within the Defendant District's attendance boundaries.

   b. D.C. is a student with a disability under the IDEA. He is eligible for special education and related services under 19 Texas Admin. Code, Chapter 89. He is a qualified

individual entitled to the protections of the Americans with Disabilities Act and Section 504.

    c.    Plaintiffs were the Petitioners in an underlying administrative proceeding commenced as required under IDEA and Texas law.

7. Defendant District is and was at all relevant times, a public school district duly organized and existing under Texas law. The District is a recipient of federal funding pursuant to the IDEA. The Defendant District was, and continues to be, legally responsible for providing C.A. with a Free Appropriate Public Education as required by the IDEA, related federal regulations, and the state rules and regulations promulgated by the Texas Education Agency (hereinafter, "TEA"). Defendant District is subject to the Americans with Disabilities Act and Section 504.

## IV. FACTS RELATED TO UNDERLYING ADMINISTRATIVE HEARING

8. On April 27, 2018, Plaintiffs filed with TEA a request for a special education due process hearing pursuant to 20 U.S.C. §1415 and Texas regulations. TEA assigned hearing officer Ian Spechler of the State Office of Administrative Hearings ("Hearing Officer Spechler"), to the matter, and the case was assigned TEA Docket No. 024-SE-0418, (hereinafter "Due Process Hearing").

9. Prior to the hearing, counsel participated in various prehearing conferences, motion practice and discovery. Each side submitted formal Requests for Production of Documents to each other which required responses and review of documents. Subpoenas were issued for files of various third parties.

10. The SEHO ruled in Petitioners' favor in the decision that was issued on 11-16-18.

11. A four-day hearing was held on August 28, 29, 30 and 31, 2018. As is typical in these proceedings, Plaintiffs proceeded first. Ten total witnesses testified for Plaintiffs at the hearing,

two of whom were expert witnesses. Defendant presented nine Klein ISD employees, one of whom was qualified as an expert witness despite objection by Plaintiffs. The hearing transcript was four volumes and 982 pages in length. Plaintiffs submitted 47 exhibits, most of which consisted of multiple pages or parts and multiple recordings of meetings. Defendant District submitted 17 exhibits, most of which consisted of multiple pages or parts. There also were 12 joint exhibits. Thus, there was a total of some 76 exhibits. Due to the extensive record, Petitioners submitted a closing brief of 55 pages. Respondents also submitted a closing brief.

12. On November 16, 2018, after sitting through the four-day hearing and considering the evidence, and the parties' post-hearing briefs, Hearing Officer Spechler concluded that the Defendant District had denied D.C. a Free Appropriate Public Education and ordered certain remedies. A properly redacted copy of Hearing Officer Spechler's decision is attached to this complaint as "Exhibit 1," and is incorporated by reference. Hearing Officer Spechler's decision is 40 pages long and includes various findings of fact and conclusions of law.

13. The hearing officer's November 16, 2018, decision changed the legal relationship between the parties in a manner favorable to the family.

14. The SEHO articulated various problems with the district's programming, including these examples:

- The only specialized reading program the District recommended for Student was DIP, which is a general education Dyslexia intervention program that did not address Student's reading comprehension issues. The District also placed Student into a co-teach classroom 3.5 hours per week to assist with providing Student's accommodations. Placement in the coteach classroom was an effort to accommodate but not remediate Student's reading comprehension issues. Thus, the District did not provide Student a program that was individualized on the basis of assessment and performance and focused on his difficulties in reading comprehension. (Page 26)
- The services were not provided in a coordinated, collaborative manner. (page 26).
- The District's program did not sufficiently address Student's area of need in reading comprehension. The student needs a program with a focus on reading comprehension to receive a FAPE. (Page 27)
- Student did not derive sufficient academic benefit from his program. (Page 27)
- Student made minimal progress in reading, Student's primary area of need. (page 28)
- He noted: "the District provided a program that was not individualized on the basis of assessment

and performance and ignored input from the key stakeholders other than Student's parents and Student's aunt. The District failed to address Student's reading comprehension deficit adequately in its proposed program. The District's failure to address that deficit sufficiently, the deficit by reason of which Student qualifies for special education, is the most important factor in the Hearing Officer's analysis. Therefore, the Hearing Officer concludes that the District did not provide Student a FAPE. (page 28)

- The District did not provide prior written notice of its refusal to implement the outside provider's program or reimburse Student's parents for the outside provider's services. (page 31)
- The District failed to conduct a timely evaluation for Student under its Child Find duty. Had it done so, Student would have received the special education and support services he needed as a student with a Specific Learning Disability sooner than he did. Further, the educational program provided by the District did not provide Student with the reading comprehension focus he needs. The District must provide Student those services going forward and must make up for its failure to provide them in his present IEP. (Page 35)
- The District should have initiated the evaluation process on April 27, 2017, and obtained consent by May 18, 2017. *See* 19 Tex. Admin. Code § 89.1011(b). The District then should have completed the evaluation by October 19, 2017, and convened an ARD meeting by November 17, 2017 according to the District's calendar. 107 *See* 19 Tex. Admin. Code§ 1011(cd). The District then should have implemented a program providing at least 45 minutes per day, four days per week of instruction focused on reading comprehension and related skills until November 17, 2018, the date of Student's next annual ARD meeting. Student should have therefore received 108 hours of instruction specifically focused on his reading comprehension deficits. In order to make Student whole, the District must not only implement a reading comprehension program in Student's IEP, but also make up the hours of reading comprehension programming it should have provided. (Page 35)

15. The SEHO also issued several conclusions of law that were favorable to Plaintiffs, including but not limited to the following: Respondent failed to meet its Child Find duty in a timely manner under the IDEA beginning with the commencement of the one-year statute of limitations period (i.e. April 27, 2017) until it completed its evaluation on January 14, 2018. 34 C.F.R. § 300.111; 19 Tex. Admin. Code§ 89.1151(c). (Page 36)

16. He also concluded: Respondent failed to provide Student with a FAPE within the meaning of the IDEA as a result of its failure to meet its Child Find duty by failing to devise an IEP resulting in educational benefit. 34 C.F.R. §§ 300.320, 300.512(a)(2).

17. He also concluded the IEP developed over the course of ARD meetings in February-March of 2018 failed to confer a FAPE for Student. (Page 36)

18. As a result of the violations of federal and state law, he issued remedies on pages 36 and 37 for the benefit of the student: "Based upon the foregoing findings of fact and conclusions of law, it is

therefore ORDERED that Petitioner's request for relief are GRANTED in part and DENIED in part:

1. The District shall convene an ARD meeting within 30 school days of the issuance of this decision.
2. At the ARD meeting, the District shall modify Student's IEP in accordance with the District's FIE to indicate Student is eligible for special education as a student with a Specific Learning Disability in reading comprehension, with specific weaknesses in comprehension/knowledge, fluid reasoning, long term memory, and processing speed.
3. The District shall provide Student in his IEP 45 minutes per day of reading instruction focused on reading comprehension and related skills using Read 180 or another peer-reviewed program on which the District and Student's parents agree. Instruction shall be provided in a one-on-one setting or in a group of no more than six students at least four school days per week, with the exception of weeks which have fewer than four school days. Extended School Year (ESY) services are neither required nor prohibited by this Order. This shall remain in effect for one calendar year from the date on which the ARD Committee meeting is held, unless Student's parents and the District agree to a different arrangement.
4. The District shall provide Student an additional 108 hours of compensatory education in a one-on-one setting focused on reading comprehension and related skills using Read 180 or another peer-reviewed program on which the District and Student's parents agree. At the ARD Committee meeting, the District and Student's parents shall agree on a schedule for providing these compensatory services.

19. The parents and KISD staff participated in a statutorily required resolution meeting prior to the hearing, however, the Defendant made no statutory settlement proposal consistent with 20 U.S.C. §1415(i)(3)(D) that even comes close to the relief ordered and never conceded it had denied D.C. a Free Appropriate Public Education. Rather, Defendant District vigorously defended its actions as consistent with the IDEA. Because the relief granted by Hearing Officer Spechler exceeded that offered by Defendant prior to the hearing, Plaintiffs are the prevailing party and entitled to their prevailing party attorney fees, costs and expert witness fees. 20 U.S.C. §1415(i)(3)(B), and (G).

20. On November 19, 2018, the Texas Education Agency sent a Notice of Decision to the Defendant District reminding the Defendant District of its obligation to fully comply with the Hearing Officer's orders. ("Exhibit 2," which is incorporated herein by reference). This is further evidence the Plaintiffs prevailed in this case. \

21. The ordered remedies and enforceable directives foster the purposes of the IDEA.

22. The Defendant Klein ISD is barred from obtaining a reduction in the amount of attorney fees sought, pursuant to a provision of the IDEA. That is because 20 U.S.C. § 1415(i)(3)(G) provides an express exception to any reduction in the amount of attorneys' fees:

> (G) EXCEPTION TO REDUCTION IN AMOUNT OF ATTORNEYS' FEES – The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local education agency unreasonably protracted the final resolution of the action or proceeding <u>or there was a violation of this section.</u>" (emphasis added).[1]

23. As the Hearing Officer found that Defendant KISD committed numerous procedural violations, it is not entitled to any reduction in attorneys' fees.

## V. FACTS RELATED TO ATTORNEYS' FEES AND COSTS

24. Before the start of the hearing, and despite a resolution sessions and informal settlement negotiations, the District failed to submit an offer prior to the start of the hearing that included the findings and remedies Plaintiffs obtained at hearing, including a finding that D.C. was denied a Free Appropriate Public Education because of the district's failure to engage in timely and competent child find activities. It also failed to offer him appropriate compensatory services.

25. Plaintiffs retained the services of Dorene Philpot and Philpot Law Office PLLC to represent them in the underlying administrative proceedings.

26. As detailed in a letter dated November 19, 2018, and sent to Defendant after receipt of the SEHO decision but prior to the filing of this lawsuit, the Philpot Law Office PLLC's

---

[1] The 5th Circuit has already opined on what the term "this section" means. The phrase "brought under this section" refers to actions and proceedings "brought under § 1415." *Vultaggio v. Board of Education*, 343 F.3d 598, at 602 (3rd Cir. 2003); *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1028 (9th Cir. 2000). "A 'proceeding brought under' § 1415 is a proceeding established by or referenced in § 1415." *Vultaggio*, 343 F.3d at 602." (See *Alief ISD v. C.C., et al.*, 10-20285, document 00511598227, p. 8, 09-09-11)

send a demand for payment of the prevailing party attorney fees of $94,972.36, costs and expenses of $1,247.36 and expert witness fees of $2,500. The letter offered a reduction in the attorney fees of $5,000 with an expiration date of the reduction in 10 days. The next day, on November 20, 2018, attorney Amy Tucker responded via email to ask for the fees bills that support the demand. On the same day, undersigned counsel sent to Ms. Tucker a 32-page copy of the detailed billing invoice, showing the dates of work, a detailed description of the work performed, the amount of time on each task and the cost of each task, a detailed list of expenses and a total amount owed for all these items. On Dec. 3, 2018, Ms. Tucker sent an email saying simply: "Good afternoon. The District is declining to pay the requested fees." There was no counteroffer included in the email or any other correspondence thereafter.

27. The aforementioned amounts were as of 11-19-18 and do not reflect attorney fees and costs for the present litigation or the filing fee.

28. Philpot is an attorney licensed in Indiana since 2000 and in Texas since 2006. Her licenses are in good standing. She is admitted in the Eastern (since 2007), Northern (since 2008), Western (since 2008) and Southern District (since 2008) of Texas and the Fifth Circuit Court of Appeals (since 2009). Philpot is a solo practitioner in the niche area of special education law. She has more than 18 years' experience practicing special education law, with 11 of those years in Texas. She charges $325 per hour. On a statewide basis she represents students with disabilities and their parents seeking the Free Appropriate Public Education (FAPE) to which they are entitled under the federal Individuals with Disabilities Education Improvement Act (IDEA). She is an experienced disability rights attorney, having represented students with disabilities in special

education and discrimination law since 2000. She has personally litigated more than 100 special education due process hearings in the State of Texas and Indiana.

29. Philpot's current hourly rate has been voluntarily paid in settlements of special education matters by about 33 different Texas school districts during the past two years.

30. Philpot has been recognized nationally by her peers for her work in special education law. She is the recipient of the 2012 Diane Lipton Award for Outstanding Educational Advocacy from the national organization of Council of Parent Attorney and Advocates Inc. (COPAA).

31. Philpot is the author of "Do-It-Yourself Special Education Due Process: An Educational Guide" which is available for purchase at www.learningenabledpublications.com. She wrote the book in large part due to the paucity of attorneys available to represent families nationwide, forcing many parents to file for and litigate special education cases for their children without an attorney.

32. The fees incurred are reasonable given the application of the Texas Rules of Civil Procedure and Texas Rules of Evidence which permit discovery and cause due process hearings to be more complex than in other states.

33. In preparation for the due process hearing, Ms. Philpot participated in prehearing conference calls, participated in meetings, reviewed thousands of pages of documents, many hours of audio recordings of meetings between the parent and KISD staff, interviewed and prepared potential witnesses, interviewed and prepared experts, prepared for taking testimony of all school witnesses without the benefit of depositions in an effort to keep fees low, researched complex factual and legal issues, developed and created a detailed trial plan to manage the presentation of the hearing in an efficient

manner over the course of the four days and responded to Defendant District's discovery requests. During the four-day hearing, Ms. Philpot examined or cross-examined 19 total witnesses and offered and objected to numerous exhibits as well as researching various legal issues during the hearing. Once the hearing had been completed, Ms. Philpot reviewed transcripts and exhibits, and researched and drafted the post-hearing submission which was provided to the hearing officer. On receipt of the decision, Ms. Philpot reviewed same and provided client counsel about it. She wrote a detailed demand letter for fees and costs and sent it to Defendant's counsel, as recited above.

34. Ms. Philpot billed this matter at $325 per hour. The fees sought by Ms. Philpot are reasonable and necessary to vigorously represent the family.

35. Although she has been licensed in Texas since 2006, thus far she has had only a handful of fees cases that have not settled but have had to go to federal court for decision. Several Texas jurisdictions have issued opinions about her hourly rate. See *Caldwell ISD v. L.P.* et al, 1:11-cv-653 (Western District of Texas) and in and *S.F. et al v. McKinney ISD,* 4:10-cv-323 (Eastern District of Texas) and *Ashley Krawietz et al v. Galveston ISD*, 3:15-cv-203 (Southern District of Texas).

36. The *Caldwell ISD* case, which was filed in 2010 and decided by a hearing officer in 2011, yielded an attorneys' fees award of $56,250. The order was appealed by the district but affirmed in the Fifth Circuit Court of Appeals in 2014. The court opined that Plaintiffs' attorneys' fees of $255 to $285 per hour were "roughly [in] line with local averages" but applied a $250 hourly rate to all of the family's attorneys as a collective group in that case that was litigated 7-8 years ago.

37. The *McKinney ISD* case yielded a magistrate recommendation for fees of $179,134.13

10

on February 28, 2013, which was later affirmed by the district court. Philpot's rates at the time of the commencement of that case, about 9 years ago (September 2009) were $255 for trial work and $225 per hour for pretrial work. By the time the district court case concluded, Philpot's rates were $285 for trial work and $255 for pretrial work, with the rates having changed in August 2011. She did not make the increase retroactive to the start of the case, however.

38. In a case spanning the time frame of 2011 and 2012, an attorney employed by the Houston education law firm Rogers Morris Grover stipulated to the reasonableness of Philpot's fees of $285 for trial work and $255 for pretrial work in an answer filed in a different IDEA case for an adult student in the Southern District of Texas. (*Daniel Seale et al v. Pasadena ISD*, 4:12-cv-01424, Doc. 7, p. 5 ¶ 25 of answer). That special education case was initiated in July 2011, with the hearing officer decision being rendered February 6, 2012.

39. In 2017, in *Galveston ISD*, a case recent in time to this one and decided by the Southern District of Texas on 03-30-17, the court approved her hourly rates of $315 for litigation and $295 for pretrial work for a special education case that was initiated on 02-09-15. The court ordered fees of more than $70,000 for a case that the court considered to be only a partial parent win. At the time of that order, she had 16 years of experience in special education law. The district court decision was affirmed by the 5th Circuit recently. (*Krawietz v. Galveston Independent School District,* 2017 U.S. Dist. LEXIS 48058, affirmed, 2018 U.S. App. LEXIS, 23013, 900 F. 3d 673, (5th Cir. 2018))

40. Ms. Philpot's hourly rate is reasonable given her extensive experience and the complexity of this IDEA case. The number of hours is reasonable as well.

11

41. Under the IDEA, certain expenses related to attorney's fees that were incurred by the family in pursuit of their child's educational rights are also reimbursable and are incorporated into the billing statement of counsel. 20 U.S.C. §1415(i)(3)(B). These expenses are recited above.

42. The attorneys' fees and expenses will rise with continued litigation. Plaintiffs remain open to amicable resolution of this matter consistent with long-standing case law that IDEA fee requests should not devolve into a second litigation.

43. Plaintiffs additionally request prejudgment and post-judgment interest on fees awarded.

## VI. FIRST CAUSE OF ACTION (IDEA)

44. Plaintiffs re-allege paragraphs 1-43 above, and incorporate them by reference.

45. By reason of the hearing officer's decision, and as acknowledged by the Texas Education Agency Notice of Decision letter of November 16, 2018," ("Exhibit 2," which is incorporated herein by reference), Plaintiffs are the prevailing party in the underlying administrative proceeding and now sue Defendant Klein Independent School District for a declaration from the Court awarding them all reasonable attorneys' fees and recoverable expenses. Plaintiffs seek prevailing party attorney fees of $94,972.36, costs and expenses of $1,247.36 as of the date of the demand letter sent on November 19, 2018, plus the fees and costs of this proceeding.

## VII. SECOND CAUSE OF ACTION (504/ADA)

46. Plaintiffs re-allege paragraphs 1-45 above, and incorporate them by reference.

47. Plaintiffs request payment for expert witness costs they paid in the amount of $2,500 pursuant to the extent the Court has authority and jurisdiction consistent with The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., and the

Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §701 et seq.

48. Plaintiffs request payment for damages under the ADA and Section 504.

## VIII. PRAYER FOR RELIEF

49. Plaintiffs respectfully request that this Court enter judgment against Defendant and grant the following relief:

    a. Declare Plaintiffs as the prevailing party in the underlying special education proceeding and in the current federal litigation;

    b. Award Plaintiffs reasonable attorneys' fees and expenses, incurred in the administrative proceedings;

    c. Award Plaintiffs recovery of expert costs pursuant to the Americans with Disabilities Act and Section 504;

    d. Award Plaintiffs reasonable additional attorney fees and expenses incurred in pursuing the current action;

    e. Award Plaintiffs prejudgment and post-judgment interest on any and all awards of attorneys' fees and permissible expenses, and

    f. Such other and further relief to which Plaintiffs are entitled.

    Respectfully submitted.

    s/Dorene Philpot
    Dorene Philpot
    Counsel for Plaintiffs
    Texas Attorney Number # 24055011
    Philpot Law Office, P.L.L.C.
    7314 Offats Pointe
    Galveston, TX 77551
    PH: (281) 989-2010 / FX: 866-324-4995
    fape4kids@gmail.com