United States District Court
Southern District of Texas
**ENTERED**
August 12, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| D.C., *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-00021 |
| | § | |
| KLEIN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs D.C., a minor child, and his parents have filed two motions for attorney's fees. *See* Dkts. 54 (seeking attorney's fees and expenses for work before the district court) and 98 (requesting attorney's fees and expenses for work before the Fifth Circuit Court of Appeals). For the reasons set forth below, I recommend that both motions be **GRANTED**.[1]

## BACKGROUND

On May 29, 2020, Judge George C. Hanks, Jr. entered a Memorandum Opinion and Order upholding a special education hearing officer's decision in an Individual with Disabilities Education Act ("IDEA") case, awarding Plaintiffs $70,320.00 in reasonable attorney's fees and $468.12 in recoverable costs. *See D.C. v. Klein Indep. Sch. Dist.*, No. 4:19-CV-00021, 2020 WL 2832968 (S.D. Tex. May 29, 2020).

Defendant Klein Independent School District ("KISD") appealed that determination to the Fifth Circuit. On June 17, 2021, the Fifth Circuit affirmed

---

[1] I issue this Memorandum and Recommendation because "[a] post-trial motion for attorney's fees is a case-dispositive matter that cannot be determined by a magistrate judge without the consent of the parties." *JCB, Inc. v. Horsburgh & Scott Co.*, No. 6:16-CV-00146-ADA-JCM, 2020 WL 10354079, at *1 n.1 (W.D. Tex. July 13, 2020). *See also* FED. R. CIV. P. 54(d)(2)(D) (authorizing court to "refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter").

the district court's judgment. *See D.C. v. Klein Indep. Sch. Dist.*, --- F. App'x ---, 2021 WL 2492842 (5th Cir. June 17, 2021).

I must now determine what, if any, attorney's fees and costs Plaintiffs are entitled to as the prevailing parties at both the district court level and the Fifth Circuit.

## LEGAL STANDARD

The primary purpose of the IDEA is to ensure that children with disabilities receive a free and appropriate public education in the least restrictive environment possible. In accordance with that objective, the IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (internal quotation marks omitted) (quoting 20 U.S.C. § 1415(i)(3)(B)). Awarding attorney's fees encourages qualified counsel to protect the rights of those with disabilities. A prevailing party may seek attorney's fees for both the administrative due process proceedings and subsequent litigation in court. *See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 n.4 (5th Cir. 2009).

A plaintiff qualifies as a prevailing party when he obtains "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112 (1992). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (cleaned up)); *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) ("[A] prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA.").

If a district court decides to award attorney's fees to a prevailing party, the calculation "involves a well-established process." *Id.* at 208. The first step in determining the amount of reasonable attorney's fees is to calculate the lodestar, which is the product of the number of hours reasonably and necessarily expended multiplied by the attorney's reasonable hourly rate. *See id.* at 209. The second step is to evaluate whether the lodestar should be adjusted up or down based on consideration of the twelve factors established in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.*

## ANALYSIS

Having emerged victorious at the administrative level, at the district court, and, most recently, at the Fifth Circuit, Plaintiffs are unquestionably prevailing parties for purposes of awarding attorney's fees. Thus, Plaintiffs are entitled to a reasonable award of attorney's fees.

### A. REASONABLE FEES FOR DISTRICT COURT PROCEEDINGS

At the district court level, Plaintiffs were represented by two attorneys: Sonja Kerr ("Kerr") and Dorene Philpot ("Philpot"). Plaintiffs seek a total award of $97,703.44 in attorney's fees and expenses incurred before the district court. Broken down, the sums sought are:

- $76,401.90 in attorney's fees to Kerr's law firm, Connell Michael Kerr, LLP;
- $576.20 in expenses to Connell Michael Kerr, LLP;

- $20,252.50 in attorney's fees to Philpot's law firm, Philpot Law Office, PLLC; and
- $472.84 in expenses to Philpot Law Office, PLLC

On a more granular level, Kerr spent a total of 187.35 hours working on this case at the district court. Of that time, 94.6 hours were billed at $400, and 92.75 hours were billed at $430. Kerr's rate increased as of September 2019. Philpot spent a total of 59 hours working on this, with her rate split between $325 for work performed before July 2019, and $375 for work completed during or after July 2019 when her rate slightly increased.

KISD acknowledges that the Plaintiffs are entitled to attorney's fees and costs, and KISD does not object to the litigation expenses incurred or the reasonableness of counsel's hourly rates. Instead, KISD contends that (1) Kerr's fees should be reduced by $3,744.80 for work performed in connection with a "stay-put" motion; and (2) Philpot's fees should be reduced by 33 percent ($6,682.95) for allegedly duplicative work.

### 1.   The "Stay-Put" Motion

At the outset of this case, Plaintiffs filed a motion for a stay-put injunction under 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518. An oral argument was held, and the parties submitted extensive briefing on the issue, including post-hearing supplemental briefing. Judge Hanks ultimately granted the motion in part and denied the motion in part. *See* Dkt. 32 ("The motion (Dkt. 5) is **GRANTED** to the extent that it seeks an injunction requiring [KISD] to implement the specific orders contained in Section X of the hearing officer's opinion during the pendency of this lawsuit. The motion is **DENIED** to the extent that it requests any other relief, including an injunction requiring KISD to implement any dyslexia intervention program.").

Kerr spent $7,489.60 in time working on the stay-put motion. In the fee application, Plaintiffs voluntarily reduced the fee request with regard to the stay-put motion in half, from $7,489.60 to $3,744.80, because Plaintiffs only

4

prevailed in part on the motion. KISD argues that it "should not have to pay any fees associated with [Plaintiffs'] failed and unnecessary procedural maneuver." Dkt. 59 at 4.[2]

When a plaintiff only achieves limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. Ultimately, though, adjusting the lodestar is a decision entrusted to the sound discretion of the district court. *See U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 475 (5th Cir. 2009).

Had Judge Hanks denied the stay-put motion in its entirety, Plaintiffs would not be entitled to any attorney's fees for work on that motion. But that is not what happened here. Plaintiffs did prevail, in part, on the stay-put motion. Accordingly, I think Plaintiffs' request for 50 percent of the fees incurred in connection with the stay-put motion is entirely reasonable.

### 2. Philpot's Fees

Philpot, a solo practitioner specializing in special education law, served as lead counsel at the administrative level. Once the case advanced to federal court, Philpot enlisted the assistance of Kerr who has more experience litigating cases in the federal system. In total, Philpot incurred $20,252.50 in attorney's fees at the district court level, about a quarter of the fees that Kerr sustained. KISD contends that Philpot failed to exercise appropriate billing judgment, and requests that Philpot's fee be reduced by 33% to eliminate duplicative work.

When evaluating a fee petition, I "must determine whether the hours claimed were reasonably expended on the litigation." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation omitted). *See also*

---

[2] Although KISD only seeks a reduction in Kerr's fees as a result of work performed on the stay-put motion, Philpot also had several time entries devoted to the stay-put motion. Like Kerr, she voluntarily reduced her requested time related to that motion to reflect that the motion was partially unsuccessful.

*Hensley*, 461 U.S. at 434 ("The district court also should exclude . . . hours that were not reasonably expended." (quotation omitted)). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Johnson*, 488 F.2d at 717.

Philpot described her "role in the case at the federal level [as] consult[ing] with Ms. Kerr and review[ing] filings, especially for factual accuracy as [she] was counsel at the administrative hearing." Dkt. 54-2 at 8. These legal services are not redundant or excessive. KISD does not point me to any particular time entry that is duplicative, and my independent review of the billing statements has uncovered nothing remotely questionable. Philpot's billing entries indicate that she routinely communicated with her clients since before the administrative proceedings commenced, offered what I view to be reasonable support in connection with legal briefing, and assisted co-counsel at various stages of the proceedings. In short, it is imminently reasonable for the lawyer who led the charge at the administrate hearing to assist lead counsel in the federal court proceedings. Philpot should be compensated for the time she has requested for her work at the district court level—$20,252.50.

### B.  REASONABLE FEES FOR FIFTH CIRCUIT PROCEEDINGS

Plaintiffs contend that they incurred a total of $49,151.70 in attorney's fees in connection with the proceedings before the Fifth Circuit. Kerr took the laboring oar at the Fifth Circuit, incurring $40,189.20 in attorney's fees, while Philpot played a supporting role and amassed $8,962.50 in fees and costs. These amounts reflect time spent reviewing the extensive record on appeal, analyzing KISD's appellate briefs, drafting Plaintiffs' appellate brief, and preparing and presenting oral argument.

To its credit, KISD does not contest Plaintiffs' entitlement to the attorney's fees Plaintiffs seek. Such amounts are, without question, reasonable and necessary, especially given the lengthy appellate record and complicated legal

issues involved.³ Accordingly, I recommend that KISD be ordered to pay Plaintiffs a total of $49,151.70 to compensate them for reasonable attorney's fees incurred in connection with proceedings before the Fifth Circuit.

## CONCLUSION

For the reasons identified above, I recommend that Plaintiffs' applications for attorney's fees be **GRANTED**. Specifically, I recommend that KISD be ordered to pay:

- $76,401.90 in attorney's fees and $576.20 in costs to Connell Michael Kerr, LLP for reasonable attorney's fees and expenses incurred in proceedings before the district court.

- $20,252.50 in attorney's fees and $472.84 in costs to Philpot Law Office, PLLC for reasonable attorney's fees and expenses incurred in proceedings before the district court.

- $40,189.20 to Connell Michael Kerr, LLP for reasonable attorney's fees incurred in proceedings before the Fifth Circuit.

- $8,962.50 to Philpot Law Office, PLLC for reasonable attorney's fees incurred in proceedings before the Fifth Circuit.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 12th day of August 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

³ Plaintiffs originally requested $1,040.75 in fees for preparing and filing the motion for appellate attorney's fees, but Plaintiffs agreed to waive such fees once KISD objected to this expenditure.